UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at WINCHESTER

| | | |
|---|---|---|
| DOUGLAS McFARLAND, | ) | |
| | ) | |
|   *Plaintiff*, | ) | |
| | ) | |
| v. | ) | Court Doc. No. 4:05-cv-108 |
| | ) | |
| AIR ENGINEERING METAL | ) | Judge Mattice |
| TRADES COUNCIL and AFFILIATED | ) | |
| UNIONS AFL-CIO (AEMTC) and | ) | |
| TEAMSTERS LOCAL 327, | ) | |
| | ) | |
|   *Defendants*. | ) | |

## MEMORANDUM AND ORDER

Plaintiff's Second Amended Complaint (Court Doc. No. 25) asserts causes of action against one or more Defendants under § 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. §185; §§ 101 and 102 of the Labor Management Reporting and Disclosure Act ("LMRDA"), 29 U.S.C. §§ 411, 412; and Title VII of the 1964 Civil Rights Act ("Title VII"), 42 U.S.C. § 2000e *et seq.* and corresponding provisions of the Tennessee Human Rights Act ("THRA"), Tenn. Code Ann. §§ 4-21-101 to 1004.

Before the Court is the Joinder of Unions in Company's Motion to Dismiss Plaintiff's Second Amended Complaint, or in the Alternative, Motion to Strike (Court Doc. No. 35) by Defendants Air Engineering Metal Trades Council and Affiliated Unions, AFL-CIO (AEMTC), and Teamsters Local 327 ("Unions"). Each seeks dismissal under Federal Rule of Civil Procedure 12(b)(6). As stated in its Order of March 5, 2007 (Court Doc. No. 47), the Court will also consider the briefs accompanying Defendants' earlier motion to dismiss, and Plaintiff's response thereto.

For the reasons stated below, the Court will **DENY IN PART** Defendants' motion to dismiss as to Plaintiff's hybrid claim under § 301 of the LMRA. The Court will **GRANT IN PART** Defendants' motion as to Plaintiff's claim under §§ 101 and 102 of the LMRDA. Finally, the Court will **GRANT IN PART** the Unions' motion to dismiss as to Plaintiff's Title VII claim, and will **DENY IN PART** the same as to Plaintiff's claim under the THRA.

Also before the Court is the Defendant Unions' Motion for Summary Judgment. (Court Doc. No. 48.) While the Court will not address the merits of such motion because it is not yet ripe for the Court's consideration, this ruling on the Defendants' motion to dismiss renders moot certain portions of the Unions' motion. The Court will delineate those portions in its **CONCLUSION,** *infra*.

Before proceeding to the merits of Defendants' motion, however, the Court must address a preliminary matter. The Plaintiff responded to Defendants' earlier motion to dismiss by submitting an affidavit instead of a responsive memorandum. (*See* Court Doc. No. 23, Affidavit of Douglas McFarland in Opposition to Motion to Dismiss.) When one or both parties present matters outside the pleadings in conjunction with a motion under Rule 12(b)(6), the Court may, in its discretion, either consider these matters and convert the motion to one for summary judgment or exclude the extra-pleading materials and apply the standard set forth in Rule 12(b)(6). *See* Fed. R. Civ. P. 12(b); *Shelby County Health Care Corp. v. S. Council of Indus. Workers Health & Welfare Trust Fund*, 203 F.3d 926, 931 (6th Cir. 2000); *Aamot v. Kassel*, 1 F.3d 441, 443 (6th Cir. 1993); *see also Batt v. United States*, 976 F. Supp. 1095, 1096-97 (N.D. Ohio 1997)

("The decision to exclude material outside the pleadings is entirely within the discretion of the trial court.").

In the instant case the Court will exclude the extra-pleading matters and treat the instant motion as one under Rule 12(b)(6) for two reasons. First, given the status of the litigation at the time Defendants filed their motion, converting Defendants' Rule 12(b)(6) motion into a motion for summary judgment would be premature. Little or no discovery had taken place so as to allow the parties to argue, and the Court to determine, whether a genuine issue of material fact exists. *See Equal Justice Found. v. Deutsche Bank Trust Co. Ams.*, 412 F. Supp. 2d 790, 799-800 (S.D. Ohio 2005); *Black v. Franklin County*, No. Civ. A. 3:05-18-JMH, 2005 WL 1993445, at *3 (E.D. Ky. Aug. 16, 2005). Second, the arguments set forth in Defendants' motion are legal, as opposed to factual, in nature. Accordingly, the Court will **EXCLUDE** the Affidavit of Douglas McFarland in Opposition to Motion to Dismiss (Court Doc. No. 23), and will treat Defendants' motion as being made pursuant to Rule 12(b)(6).

The Court need not, however, exclude the collective bargaining agreement (Court Doc. Nos. 20-2 to 20-5), which USAI attached to their original Motion to Dismiss. Documents attached to a Rule 12 motion "are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to the plaintiff's claim." *Jackson v. City of Columbus*, 194 F.3d 737, 745 (6th Cir. 1999), *abrogated on other grounds by Swierkiewicz v. Sorema N.A.*, 534 U.S. 506 (2002). Plaintiff refers to the Collective Bargaining Agreement in his Complaint (*see* Second Am. Compl. ¶¶ 15-16, 26-27) which, as discussed below, is central to certain of his claims.

## I. FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6) STANDARD

Rule 12(b)(6) provides for the dismissal of a complaint that fails to state a claim upon which relief can be granted.  The purpose of Rule 12(b)(6) is to permit a defendant to test whether, as a matter of law, the plaintiff is entitled to relief even if everything alleged in the complaint is true.  *Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993).  A complaint should not be dismissed for failure to state a claim unless "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Arrow v. Fed. Reserve Bank*, 358 F.3d 392, 393 (6th Cir. 2004).  The complaint must contain either "direct or inferential allegations respecting all the material elements to sustain a recovery . . . ."  *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988) (internal quotations and citations omitted).  The Court must determine not whether the plaintiff will ultimately prevail but whether the plaintiff is entitled to offer evidence to support his claims.  *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).  In making this determination, the Court must construe the complaint in the light most favorable to plaintiff and accept as true all well-pleaded factual allegations.  *Arrow*, 358 F.3d at 393; *Mixon v. Ohio*, 193 F.3d 389, 400 (6th Cir. 1999).  The Court need not accept as true mere legal conclusions or unwarranted factual inferences.  *Id.*

## II. FACTS

The facts, as pled by Plaintiff, are as follows.

Plaintiff is an African American and a member of the Defendant Unions.  (Second Am. Compl. ¶ 2.)  Plaintiff was an employee of former defendant USAI.  (*Id.* ¶ 5.)  Before being terminated on June 20, 2005, Plaintiff had been under USAI's employ for

eight years. (*Id.*) During this time, Plaintiff received favorable evaluations, and passed random drug tests as he did not use illegal drugs. (*Id.*)

Shortly before Plaintiff was terminated, the Unions selected a new steward. (*Id.* ¶ 8.) Instead of holding a union-wide vote, the Unions appointed a steward who had not been a paying member of Teamsters Local 327. (*Id.*)

In early June of 2005, Plaintiff approached the steward and expressed concern about the steward's lack of contact with African-American employees. (*Id.* ¶ 9.) The steward replied that he would talk to Plaintiff about his concerns after the steward returned from his brief obligation with the National Guard. (*Id.*) In the interim, USAI required Plaintiff to undergo a random drug test. (*Id.*) During the test, the technician separated the specimen into two vials, but spilled one of the vials. (*Id.* at ¶ 12.)

Before the results of Plaintiff's drug test were returned, the steward discussed with a friend the availability of Plaintiff's position. (*Id.* ¶ 11.)

On June 20, 2005, the technician informed Plaintiff that the first specimen was positive for cocaine. (*Id.* ¶ 13.) Plaintiff denied using cocaine. (*Id.* ¶ 18.) On the same day, a USAI representative called Plaintiff into a meeting and delivered Plaintiff's discharge papers. (*Id.* ¶ 14.) During this meeting, no USAI representative advised Plaintiff of his right to have a Union representative present. (*Id.* ¶ 17.)

Plaintiff then contacted the steward in order to file a grievance. (*Id.* ¶ 19.) On June 23, 2005, the steward contacted Plaintiff, told him that he would work to get Plaintiff reinstated, and suggested that Plaintiff obtain a letter from his physician. (*Id.* ¶¶ 20-21.) Plaintiff obtained a physician's letter, and presented it to the steward. (*Id.* ¶ 21.) Within a few minutes, the steward returned and told Plaintiff that nothing further

could be done to reinstate him. (*Id.* ¶ 22.) Although Plaintiff then requested that the grievance procedure proceed to the next step, the Unions declined to honor such request. (*Id.* ¶¶ 22-23.) The Unions then failed to contact Plaintiff or provide him with a copy of the grievance or drug test results. (*Id.* ¶ 23.)

On June 27, 2005, Plaintiff learned that the second specimen from Plaintiff's drug test had been analyzed, and indicated cocaine use.

The Collective Bargaining Agreement provides, in pertinent part, that "[i]f an employee tests positive [for illegal drugs], before the Company meets with the employee to discuss the test results, the Company will advise the employee of his right to have Union representation . . . ." (Collective Bargaining Agreement, Art. XIII, § 13, ¶ 3.) The Collective Bargaining Agreement also states that:

> Any grievance arising under the terms of this contract or an alleged violation thereof shall be handled in the following manner:
>
> Step 1.   An employee . . . having a grievance shall first take the matter up with the steward, who shall attempt to adjust the matter with the First Line Supervisor . . . . Unless settlement is reached within three (3) days, the grievance may be carried to Step 2.
>
> Step 2.   If processed to this step, the tentative issue will be reduced to writing . . . and submitted by the Union to the Second Line Supervisor . . . .

(*Id.* Art. III, § 2.)

## III.   ANALYSIS

Defendants move for dismissal of Plaintiff's claims under § 301 of the LMRA, §§ 101 and 102 of the LMRDA, and Title VII and corresponding provisions of the THRA. The Court will address each in turn.

**A.     LMRA § 301**

Section 301 provides, in pertinent part:

> Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this chapter, or between any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties.

29 U.S.C. §185(a).  Plaintiff originally brought his § 301 claim against both USAI for allegedly breaching the Collective Bargaining Agreement and against the Unions for allegedly breaching their duty to fairly represent him in response.  Thus, Plaintiff's claim is actually a hybrid § 301/fair representation action.  *See DelCostello v. Int'l Bd. of Teamsters*, 462 U.S. 151, 164-65 (1983).   These two claims are "inextricably interdependent." *Id.* at 164.  "[T]o recover against *either* the Company *or* the Union, [the plaintiff] must show that the Company breached the Agreement *and* that the Union breached its duty of fair representation. Unless [the plaintiff] demonstrates *both* violations, he cannot succeed against either party."  *Bagsby v. Lewis Bros., Inc., of Tenn.,* 820 F.2d 799, 801 (6th Cir. 1987) (internal citation omitted).  "The employee may, if he chooses, sue one defendant and not the other; but the case he must prove is the same whether he sues one, the other, or both." *DelCostello*, 462 U.S. at 165.  The Court will evaluate each portion of Plaintiff's claim in turn.

### 1.     *Breach of the Collective Bargaining Agreement*

Plaintiff sufficiently alleges that, in his exit interview, USAI did not advise him of his rights under the Collective Bargaining Agreement, in violation of the same.

## 2. *Breach of the Unions' Duty of Fair Representation*

"[A]s the exclusive bargaining representative" a union has "a statutory duty fairly to represent all . . . employees." *Vaca v. Sipes*, 386 U.S. 171, 177 (1967). The union breaches this duty, however, "only when a union's conduct toward a member of the collective bargaining unit is arbitrary, discriminatory, or in bad faith." *Id.* at 190. "[A] plaintiff need only show that the union's actions could be characterized in any one of these three ways." *Black v. Ryder/P.I.E. Nationwide, Inc.*, 15 F.3d 573, 584 (6th Cir. 1994).

To demonstrate bad faith, "a plaintiff must show evidence of fraud, deceitful action, or dishonest conduct." *Summers v. Keebler Co.*, 133 Fed. App'x 249, 253 (6th Cir. 2005) (citing *Humphrey v. Moore*, 375 U.S. 335, 348 (1964)). At least one court has held that retaliatory conduct fits within this definition. *See Aguirre v. Auto. Teamsters*, 633 F.2d 168, 174 (9th Cir. 1980). In the instant case, Plaintiff avers that the Unions retaliated against him by not properly representing him in the grievance process. Plaintiff alleges facts that support the inference that the Unions refused to pursue his grievance ostensibly based on the pretext of futility, but actually in retaliation for his prior complaint to the steward about racial bias in representation. Accordingly, the Court holds that the Plaintiff's allegations are sufficient to show that they acted in bad faith and, therefore, in breach of their duty of fair representation. *See id.*

As Plaintiff has alleged both a breach of the Collective Bargaining Agreement and a breach of the Unions' duty of fair representation, Defendants' motion to dismiss will be **DENIED** as to Plaintiff's claim under § 301 of the LMRA.

## B. LMRDA §§ 101 and 102

Plaintiff also asserts a claim against Defendants under the LMRDA.  Section 101 states, in relevant part:

> Every member of a labor organization shall have equal rights and privileges within such organization to nominate candidates, to vote in elections or referendums of the labor organization, to attend membership meetings, and to participate in the deliberations and voting upon the business of such meetings, subject to reasonable rules and regulations in such organization's constitution and bylaws.

29 U.S.C. § 411(a)(1).  Section 102 provides a private right of action for a violation of § 101.  29 U.S.C. § 412; *United Broth. of Carpenters and Joiners of Am., Dresden Local No. 267 v. Oh. Carpenters Health and Welfare Fund*, 926 F.2d 550, 554 (6th Cir. 1991).  The operative inquiry under § 101(a)(1) "is not whether members were treated properly or fairly, but whether they were treated equally."  *Corea v. Welo*, 937 F.2d 1132, 1141 (6th Cir. 1991).  Thus, "[w]here there is no discrimination between members of a union there is no denial of the equal right to vote."  *Id.*

Although Plaintiff fails to specify under which portion of § 101 he proceeds, his only relevant pleading implicates the above-quoted text.  Plaintiff argues that the Unions appointed a steward who had not previously been a paying union member, thereby denying Plaintiff the chance to vote on the steward or otherwise participate in union affairs.  Plaintiff, however, fails to allege how he was denied voting rights as compared to other members.  On the contrary, Plaintiff's allegations imply that all members of the union were deprived of a chance to vote, and is therefore insufficient to state a claim under §101(a)(1).  *See Angel v. United Paperworkers Intern. Union (PACE) Local 1967*, No. 05-4114, 2007 WL 627847, at *6 (6th Cir. Feb. 28, 2007).  Accordingly, Defendants'

motion to dismiss will be **GRANTED** as to Plaintiff's claim under § 101 and § 102 of the LMRDA.

### C.    Title VII and THRA

Plaintiff also brings a claim under Title VII against the Unions.  In order to assert a claim of discrimination pursuant to Title VII, a plaintiff must first exhaust his administrative remedies. 42 U.S.C. § 2000e-5; *Love v. Pullman Co.*, 404 U.S. 522, 523 (1972); *Ang v. Procter & Gamble Co.*, 932 F.2d 540, 545 (6th Cir. 1991).  "Where the plaintiff files suit prior to receiving the right to sue letter [from the Equal Employment Opportunity Commission pursuant to 29 C.F.R. § 1614.407(a)], the district court is compelled to dismiss the premature action for failure to exhaust administrative remedies."  *Mitchell v. Chapman*, 343 F. 3d 811, 820-821, n.10 (6th Cir. 2003)   It is undisputed that Plaintiff filed the instant action before receiving his right to sue letter. Accordingly, the Court will **GRANT** the Unions' motion to dismiss as to Plaintiff's Title VII claim.

The Unions do not argue that Plaintiff's THRA claim is similarly barred for failure to exhaust administrative remedies.  Instead, the Unions argue that Plaintiff has failed to allege a prima facie case.  "To establish a *prima facie* case of discrimination under the THRA, Plaintiff must establish that she (1) was a member of the protected class, (2) was subjected to an adverse employment action, (3) was qualified for the position, and (4) was replaced by an individual outside the protected class."  *Parnell v. APCOM, Inc.*, No. M2003-00178-COA-R3-CV, 2004 WL 2964723, *7 (Tenn. Ct. App. Dec. 24, 2004) (citing *Dennis v. White Way Cleaners, L.P.*, 119 S.W.3d 688, 694 (Tenn. Ct. App. 2003)).

Contrary to the Unions' argument, Plaintiff alleges that he is a member of a protected class—namely that he is an African American. (*See* Second Am. Compl. ¶ 2.) Additionally, the Unions argue that Plaintiff was not qualified for his position. Plaintiff, however, alleges that he received favorable evaluations and negative drug test results for eight years before he was discharged, and was therefore qualified. The Unions' argument—that the results from the June of 2005 drug tests rendered Plaintiff unqualified for his position—is misplaced. The Unions do not cast doubt on Plaintiff's pre-termination qualifications, but instead offer a reason for his discharge. Thus, the Unions actually offer a legitimate, nondiscriminatory reason for Plaintiff's termination. *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973).

This argument does not, however, negate an element of Plaintiff's prima facie case of discrimination. *See Tex. Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 252-53 (1981) (quoting *McDonnell Douglas*, 411 U.S. at 802) ("[i]f the plaintiff succeeds in proving the *prima facie* [Title VII] case, the burden shifts to the defendant 'to articulate some legitimate, nondiscriminatory reason for the employee's rejection.' "); *Tetro v. Elliott Popham Pontiac, Oldsmobile, Buick, and GMC Trucks, Inc.*, 173 F.3d 988, 993 (6th Cir. 1999) (citing *Campbell v. Fla. Steel Corp.*, 919 S.W.2d 26, 31 (Tenn. 1996)) ("Discrimination claims brought under the THRA are analyzed in the same manner as Title VII claims."). Accordingly, the Court will **DENY** the Unions' motion to dismiss as to Plaintiff's claim under the THRA.

## IV. CONCLUSION

For the reasons stated above, the Court **EXCLUDES** the Affidavit of Douglas McFarland in Opposition to Motion to Dismiss [Court Doc. No. 23], and **DENIES AS**

**MOOT** USAI's Motion to Strike Plaintiff's Affidavit in Opposition to Defendant USAI's Motion to Dismiss [Court Doc. No. 27].

The Court **DENIES IN PART** the Joinder of Unions in Company's Motion to Dismiss Plaintiff's Second Amended Complaint, or in the Alternative, Motion to Strike [Court Doc. No. 35] by Defendants Air Engineering Metal Trades Council and Affiliated Unions, AFL-CIO (AEMTC), and Teamsters Local 327 as to Plaintiff hybrid claim under § 301 of the LMRA. The Court **GRANTS IN PART** Defendants' motion [Court Doc. No. 35] as to Plaintiff's claim under §§ 101 and 102 of the LMRDA.

The Court **GRANTS IN PART** the Unions' motion to dismiss [Court Doc. No. 35] as to Plaintiff's Title VII claim, and **DENIES IN PART** the same as to Plaintiff's claim under the THRA.

All claims on which the Defendants' motion to dismiss have been granted are **DISMISSED WITH PREJUDICE**, except for Plaintiff's claim under Title VII, which is **DISMISSED WITHOUT PREJUDICE**. *See Mitchell v. Chapman*, 343 F.3d 811, 821-22 (6th Cir. 2003).

As such, the Court **DENIES AS MOOT IN PART** Defendant Unions' Motion for Summary Judgment [Court Doc. No. 48] as to Plaintiff's claims under Title VII and §§ 101 and 102 of the LMRDA. The Court **RESERVES RULING** on the remainder of the Unions' Motion for Summary Judgment.

Remaining before the Court are Plaintiff's hybrid claim under § 301 of the LMRA against the Union Defendants and Plaintiff's claim under the THRA against the Union Defendants.

SO ORDERED this 19th day of June, 2007.

                                        /s/ Harry S. Mattice, Jr.
                                        HARRY S. MATTICE, JR.
                                        UNITED STATES DISTRICT JUDGE