UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at WINCHESTER

| | |
|---|---|
| DOUGLAS McFARLAND, ) | |
| ) | |
|    *Plaintiff*, ) | |
| ) | |
| v. ) | Court Doc. No. 4:05-cv-108 |
| ) | |
| AIR ENGINEERING METAL ) | Judge Mattice |
| TRADES COUNCIL and AFFILIATED ) | |
| UNIONS AFL-CIO (AEMTC) and ) | |
| TEAMSTERS LOCAL 327, ) | |
| ) | |
|    *Defendants*. ) | |

## **MEMORANDUM AND ORDER**

Plaintiff's Second Amended Complaint (Court Doc. No. 25) asserts causes of action against one or more Defendants under § 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. §185; §§ 101 and 102 of the Labor Management Reporting and Disclosure Act ("LMRDA"), 29 U.S.C. §§ 411, 412; and Title VII of the 1964 Civil Rights Act ("Title VII"), 42 U.S.C. § 2000e *et seq.* and corresponding provisions of the Tennessee Human Rights Act ("THRA"), Tenn. Code Ann. §§ 4-21-101 to 1004.

In addressing the Joinder of Unions in Company's Motion to Dismiss Plaintiff's Second Amended Complaint, or in the Alternative, Motion to Strike (Court Doc. No. 35), the Court dismissed Plaintiff's claims against Defendants under §§ 101 and 102 of the LMRDA and Title VII. (*See* Court Doc. No. 62, Order of June 19, 2007.) The Court's ruling mooted a portion of Defendants' Motion for Summary Judgment (Court Doc. No. 48), and the Court reserved ruling on the remainder of the motion. (Order of June 19, 2007.) The Court will now address the remaining portions of Defendants' Motion for

Summary Judgment (Court Doc. No. 48), which seeks judgment on Plaintiff's hybrid claim under § 301 of the LMRA; and Plaintiff's claim under the THRA.

For the reasons set forth below, the Court will **GRANT** Defendants' Motion for Summary Judgment (Court Doc. No. 48) as to Plaintiff's hybrid § 301 claim, and will **DECLINE** supplemental jurisdiction over Plaintiff's THRA claim.

**I.     SUMMARY JUDGMENT STANDARD**

Summary judgment is proper where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). In ruling on a motion for summary judgment, the Court must view the facts contained in the record and all inferences that can be drawn from those facts in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Nat'l Satellite Sports, Inc. v. Eliadis Inc.*, 253 F.3d 900, 907 (6th Cir. 2001). The Court cannot weigh the evidence, judge the credibility of witnesses, or determine the truth of any matter in dispute. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).

The moving party bears the initial burden of demonstrating that no genuine issue of material facts exists. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The moving party may bear this burden by either producing evidence that demonstrates the absence of a genuine issue of material fact, or by simply " 'showing'–that is, pointing out to the district court–that there is an absence of evidence to support the nonmoving party's case." *Id.* at 325. To refute such a showing, the nonmoving party may not simply rest on its pleadings. *Behrens v. Pelletier*, 516 U.S. 299, 309 (1996)*; see*

*Anderson*, 477 U.S. at 249. The nonmoving party must present some significant, probative evidence indicating the necessity of a trial for resolving a material factual dispute. *Celotex*, 477 U.S. at 322. A mere scintilla of evidence is not enough. *Anderson*, 477 U.S. at 252; *McLean v. Ontario, Ltd.*, 224 F.3d 797, 800 (6th Cir. 2000). The Court's role is limited to determining whether the case contains sufficient evidence from which a jury could reasonably find for the nonmoving party. *Anderson*, 477 U.S. at 248-49; *Nat'l Satellite Sports*, 253 F.3d at 907. If the nonmoving party fails to make a sufficient showing on an essential element of its case with respect to which it has the burden of proof, the moving party is entitled to summary judgment. *Celotex*, 477 U.S. at 323. If the Court concludes that a fair-minded jury could not return a verdict in favor of the nonmoving party based on the evidence presented, it may enter a summary judgment. *Anderson*, 477 U.S. at 251-52; *Lansing Dairy, Inc. v. Espy*, 39 F.3d 1339, 1347 (6th Cir. 1994).

## II. FACTS

The facts, as set forth by Plaintiff and viewed in the light most favorable to him, are as follows.

Plaintiff is an African American and a member of the Defendant Unions. (*See* Court Doc. No. 64, Pla.'s Mem. in Opp'n to Unions' Mot. for Summ. J. 4.) In early June of 2005, Plaintiff complained to other union members about what he perceived to be the union steward's, Mr. Gipson's, lack of contact with African-American employees. (Court Doc. No. 70-4, McFarland Dep. 30:4-31:9) Plaintiff was terminated by his employer on June 20, 2005 for failing a random drug test. (*Id.*) Prior to his termination, Plaintiff received favorable evaluations and passed random drug tests. (*Id.*)

In response to the positive drug test, a representative of Plaintiff's employer called Plaintiff into a meeting and delivered Plaintiff's discharge papers. (Pla.'s Mem. in Opp'n to Unions' Mot. for Summ. J. 2.) Plaintiff denied using illegal drugs and informed the representative that the test specimen had been mishandled. (*Id.*) During this meeting, no one representing his employer advised Plaintiff of his right to have a union representative present. (*Id.*)

Plaintiff then contacted Mr. Gipson in order to file a grievance. (McFarland Dep. 78:17-23.) Mr. Gipson told him that he would work to get Plaintiff reinstated, and suggested that Plaintiff obtain a letter from his physician. (*Id.* 77.) Plaintiff did so, but the letter simply stated that the physician did not know whether the medications Plaintiff was taking could cause a false positive drug test. (Court Doc. No. 70-5, Letter from Dr. Thomas A. Smith (June 30, 2005).) After receiving this letter, Defendants declined to pursue Plaintiff's grievance and reasoned that a grievance would be futile in light of the positive, split-sample drug test. (Pla.'s Mem. in Opp'n to Unions' Mot. for Summ. J. 2.) However, Defendants previously "processed the grievance at the third step for a white female terminated for failure of a drug test," (*Id.* 6).

### III. ANALYSIS

Defendants move for summary judgment on Plaintiff's claims under § 301 of the LMRA and the THRA. The Court will address each in turn.

#### A.    LMRA § 301

Section 301 provides, in pertinent part:

> Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this chapter, or between any such labor organizations, may be brought in any district court of the United States having jurisdiction of

> the parties, without respect to the amount in controversy or without regard to the citizenship of the parties.

29 U.S.C. §185(a).

Plaintiff originally brought his § 301 claim against both his former employer for allegedly breaching the Collective Bargaining Agreement and against the Unions for allegedly breaching their duty to fairly represent him in response. Thus, Plaintiff's claim is actually a hybrid § 301/fair representation action. *See DelCostello v. Int'l Bd. of Teamsters*, 462 U.S. 151, 164-65 (1983). These two claims are "inextricably interdependent." *Id.* at 164. "[T]o recover against *either* the Company *or* the Union, [the plaintiff] must show that the Company breached the Agreement *and* that the Union breached its duty of fair representation. Unless [the plaintiff] demonstrates *both* violations, he cannot succeed against either party." *Bagsby v. Lewis Bros., Inc., of Tenn.,* 820 F.2d 799, 801 (6th Cir. 1987) (internal citation omitted). "The employee may, if he chooses, sue one defendant and not the other; but the case he must prove is the same whether he sues one, the other, or both." *DelCostello*, 462 U.S. at 165.

Plaintiff must first demonstrate that Defendants breached their duty of fair representation. "[A]s the exclusive bargaining representative" a union has "a statutory duty fairly to represent all . . . employees." *Vaca v. Sipes*, 386 U.S. 171, 177 (1967). The union breaches this duty, however, "only when a union's conduct toward a member of the collective bargaining unit is arbitrary, discriminatory, or in bad faith." *Id.* at 190. "[A] plaintiff need only show that the union's actions could be characterized in any one of these three ways." *Black v. Ryder/P.I.E. Nationwide, Inc.*, 15 F.3d 573, 584 (6th Cir. 1994).

In the instant case, Plaintiff contends that Defendants breached their duty of fair representation by refusing, in bad faith, to pursue Plaintiff's grievance. "[A] union does not have to process a grievance that it deems lacks merit, as long as it makes that determination in good faith." *Williams v. Molpus*, 171 F.3d 360, 366-67 (6th Cir. 1999). To demonstrate bad faith, Plaintiff "must show evidence of fraud, deceitful action, or dishonest conduct." *Summers v. Keebler Co.*, 133 Fed. App'x 249, 253 (6th Cir. 2005) (citing *Humphrey v. Moore*, 375 U.S. 335, 348 (1964)). As such, Plaintiff bears the burden to show that the Defendants' failure to pursue his grievance was based on an improper motive. *Balowski v. Int'l Union, United Auto., Aerospace and Agric. Implement Workers of Am.*, 372 F.2d 829, 835 (6th Cir. 1967).

In the instant case, Plaintiff argues that the Defendants did not properly represent him in the grievance process in retaliation for voicing concerns over lack of union contact with African-American employees, and that Defendants' argument that pursuing the grievance process further would have been futile is merely pretext for their true motivations.[1]

Most of what Plaintiff presents in opposition to Defendants' Motion for Summary Judgment, however, are nothing more than conclusory statements as to retaliation and pretext. "Merely characterizing a union's actions in conclusory terms is insufficient to withstand summary judgment. Rather, to meet the burden of proof as to the union's breach of its duty of fair representation, a plaintiff must establish by substantial evidence that the union acted . . . with bad faith." *Painter v. Mazda Motor Mfg.* (USA) Corp., 996 F.2d 1216, 1993 WL 185181, at *4 (6th Cir. 1993). Further, the Court need not scour

---

[1] At least one court has held that retaliatory conduct fits within the definition of bad faith quoted above. *See Aguirre v. Auto. Teamsters*, 633 F.2d 168, 174 (9th Cir. 1980).

the record for facts that would support Plaintiff's conclusory statements.  *See Williamson v. Aetna Life Ins. Co.*, 481 F.3d 369, 379 (6th Cir. 2007) (citing *Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 916 n.7 (5th Cir. 1992) ("Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment . . . . Rule 56 allocates that duty to the opponent of the motion, who is required to point out the evidence, albeit evidence that is already in the record, that creates an issue of fact.")); *InterRoyal Corp. v. Sponseller*, 889 F.2d 108, 111 (6th Cir. 1989).

In the case at bar, Plaintiff points out very little specific evidence indeed to support his arguments of retaliation and pretext in his verified response to Defendants' Motion for Summary Judgment.  *See Weaver v. Caldwell Tanks, Inc.*, 190 Fed. App'x 404, 408 (6th Cir. 2006) (stating that "Rule 56 evidence includes . . . verified pleadings").  He establishes only that: (1) he voiced concerns to coworkers and fellow union members about the Teamsters representative's, Mr. Gipson's, lack of contact with African American union members in May or June of 2005 (Pla.'s Mem. in Opp'n to Unions' Mot. for Summ. J. 4, McFarland Dep. 30:4-31:9); (2) shortly thereafter, Plaintiff failed a company-instituted drug test for which Defendants declined to pursue a grievance (Pla.'s Mem. in Opp'n to Unions' Mot. for Summ. J. 4-5); and (3) Defendants "processed the grievance at the third step for a white female terminated for failure of a drug test," (*Id.* 6).

The scant proof Plaintiff offers in opposition to Defendants' Motion for Summary Judgment does not rise to the level of evidence needed to show that Defendants refused to proceed with Plaintiff's grievance *in response to* Plaintiff's complaints to his

fellow union members; rather, Plaintiff has simply invited the Court to speculate as to that conclusion. Plaintiff neither makes, nor supports with evidence pursuant to Rule 56(e), his allegation that any of Defendants' representatives who were responsible for handling Plaintiff's grievance were even aware of Plaintiff's complaints about Mr. Gipson. Absent such a showing, Plaintiff cannot support an inference that Defendants' refusal to pursue his grievance was motivated by his complaints against Mr. Gipson, as opposed to a good faith belief that pursuing the grievance would have been futile. *See Morris v. Oldham County Fiscal Court*, 201 F.3d 784, 792 (6th Cir. 2000) (requiring, in the context of Title VII retaliation, a showing that the defendant was aware of the conduct for which the plaintiff claims he was retaliated against).

Accordingly, Plaintiff has failed to show that Defendants engaged in bad-faith retaliation against him. Further, Plaintiff offers no other argument as to how Defendants' "conduct toward [Plaintiff was] arbitrary, discriminatory, or in bad faith," and therefore a breach of the duty of fair representation. *Vaca*, 386 U.S. at 177. As Plaintiff has therefore failed to establish a necessary portion of his hybrid § 301/fair representation claim, *see Bagsby,* 820 F.2d at 801, Defendants' Motion for Summary Judgment will be **GRANTED** as to this claim.

### B. THRA

As only Plaintiff's state law claim under the THRA remains, the court will **DECLINE JURISDICTION** over this claim pursuant to 28 U.S.C. § 1367(c)(3).

### IV. CONCLUSION

For the reasons set forth above, the Court **GRANTS** Defendant Unions' Motion for Summary Judgment [Court Doc. No. 48] as to Plaintiff's hybrid § 301 claim, which is

**DISMISSED WITH PREJUDICE**. Pursuant to 28 U.S.C. § 1367(c)(3), the Court **DECLINES** supplemental jurisdiction over Plaintiff's THRA claim, which is **DISMISSED WITHOUT PREJUDICE**.

SO ORDERED this 7th day of August, 2007.

*/s/ Harry S. Mattice, Jr.*
HARRY S. MATTICE, JR.
UNITED STATES DISTRICT JUDGE